EDWARD B. NEAL, and others, PETITIONERS FOR CERTIORARI,

*vs.*

DAVID N. MORTLAND, and others, RAILROAD COMMISSIONERS.

Lincoln.    Opinion August 13, 1892.

*Railroads.    Eminent Domain.    R. S., c. 51, § 16.*

Railroad commissioners have authority, on the petition of railroad companies, to condemn land for the specific purposes mentioned in the statute only, and not for the general purposes of the corporation, and their certificate should state the special purposes for which such land is needed.

ON REPORT.

This was a petition for a writ of certiorari to vacate the proceedings of the Railroad Commissioners in condemning lands of the petitioners, in Wiscasset, upon petition of the Knox and Lincoln Railroad. The railroad had applied under R. S., c. 51 § 16, to the commissioners for authority to take the lands; and in its petition alleged, "that the purchase or taking and holding of all of said land is required and necessary for necessary tracks, side tracks and station for said company; but that the owners of said land do not consent thereto, and that the parties do not

agree as to the necessity therefor, or the area necessary to be taken."

After due notice and hearing thereon the commissioners made a report and decision and gave a certificate of the taking, allowed by them, to the railroad, the essential part of which is as follows : "It appeared to us and we so find, determine and certify that so much of the premises, as is hereinafter definitely described, is necessary for the use of said Knox and Lincoln Railroad company for necessary tracks, side tracks, stations and for the reasonable accommodation of the traffic and appropriate business of said corporation." . . .

In their report and decision preliminary to the granting of the certificate, the commissioners say : "It appeared by evidence adduced at the hearing on said application, that the lands described in said application consisted of one narrow strip of land about a rod in width, situated next southerly of the freight depot and adjoining the railroad location, not now used for any purpose except for the deposit of rubbish, etc. ; that the railroad company desired said strip of land, for the purpose of making an approach from Main street, along a side track there situated, to said freight depot.

"The other described parcel of land is a strip fifteen feet wide, on the easterly or shore side of said railroad location and depot grounds, consisting of flats and a portion of an old wharf. The reasons assigned by the petitioners for the taking of this last mentioned strip of land, were to enable them to place a retaining wall for the support of the railroad embankment, and to give them the right to remove a portion of an old and unoccupied building situated on said wharf, which obstructed a view of a switch near the passenger station, to approaching trains. Counsel, claiming to represent all of the parties interested in said lands, having waived proof and admitted notice to all, as the law requires, insisted that the reasons given by the petitioners, for taking the several parcels of land before mentioned, were not sufficient in law to empower the board to order a condemnation of said land ; because it did not appear that the objects for such condemnation, were embraced in those enumerated in the statute, for which land might be taken.

"While we admit that there is some force in the argument to sustain the position taken by counsel for the respondents, we think the statute is sufficiently broad to give the board jurisdiction. The objects mentioned by statute, for which railroad corporations may take and hold land, are 'land for borrow and gravel pits, necessary tracks, side tracks, stations, woodsheds, repair shops, and car, engine and freight houses.' To limit the extent of the land, which might be taken, strictly to the land covered by these structures mentioned, would be absurd. Such structures without means or right of approach to them, would be useless. Such lands in connection and in addition to the lands for objects above mentioned, necessary 'for the reasonable accommodation of the traffic and appropriate business of the corporation,' may we think, under the provisions of statute, be taken.

"We, therefore, find that the objects for which the petitioners seek to take and hold the parcels of land mentioned, are included in the provisions of statute above mentioned." . . .

Among the reasons alleged by these petitioners for vacating the proceedings of the commissioners are the following : . . .

"Because it appears by said report and certificate that the lands so attempted to be condemned and taken, were not taken or required by said railroad company, for any of the purposes authorized by law; but were taken for purposes wholly unauthorized, viz : for the purpose of opening a public street or 'approach' from Main street to the freight depot of said railroad in Wiscasset, and for the further purpose of enabling the said railroad company to place and retain a wall for the support of an existing railroad embankment, and to give the said railroad the right to remove the portion of a building situated on a part of said land, which, it is alleged in said report, obstructed a view of a switch near the passenger station, to approaching trains.

"And hereupon your petitioners say that the said public street or approach from Main street to said freight depot was not one, or either, of the purposes for which land might be so taken and condemned ; that said proposed street or 'approach' covered a large tract of land, part of which was owned by said

railroad company, and parts of which were owned by some one or more of your petitioners, and none of which was owned by all of your petitioners jointly or as tenants in common.

"And that the said wall for the support of the existing railroad embankment, and the taking of land and flats and wharves therefor, was not a purpose authorized by law but was for the mere convenience of said corporation and for the furtherance of mere economical consideration.

"And that the building situated on a part of said land, which the said corporation desired to remove because it obstructed the view of the switch as mentioned in said report and certificate, stood and existed where it now stands at the time of the original location and building of said railroad and of the erection of said passenger station and switch, and that the removal of said building for the purpose stated is not a purpose authorized by law.

"Because said railroad commissioners were not authorized and had no legal authority to determine generally, as they have by said report and certificate attempted to do, that the said lands were necessary for the reasonable accommodation of the traffic and appropriate business of the said corporation, their authority being limited to the determination of how much, if any, of the land described in the petition, is necessary for borrow and gravel pits, necessary tracks, side tracks, stations, woodsheds, repair shops and car, engine and freight houses, as are specified and individually named and designated with the land deemed necessary for each."

*George B. Sawyer*, for petitioners.

The statute requires the commissioners to state specifically, in their certificate, for which of the several purposes mentioned in the statute the land is condemned; and if for more than one of those purposes, what and how much land for each, and who is the owner of it. It is impossible to ascertain how much of the land described in the certificate was taken for side tracks and how much for general use. There is no sufficient description in the certificate of the area taken or boundaries or separate owner-

ship. We are entitled to a distinct statement of the uses and purposes for which, and the extent to which, each piece is taken; so that, as to all other uses and purposes, our rights may be preserved, as in the case of other easements.

*Henry Ingalls*, for respondents.

Certiorari lies only to correct errors in law. *Lapan* v. *Co. Com.* 65 Maine, 160; *Levant* v. *Co. Com.* 67 *Ib.* 429. Facts in *Spofford* v. *R. R. Co.* 66 Maine, 26, are different. Petition of railroad complies with the principles established in that case. Commissioners' certificate shows lands were taken for purposes authorized by statute. Description definite and certain and follows petition. Statute does not require separate descriptions for separate owners,—only in the application. This petition addressed to the discretion of the court, and no substantial injustice done. Decisions and findings of the commissioners in matters of fact are binding and conclusive, and not subject to be reviewed.

HASKELL, J. The petition of the Knox and Lincoln Railroad Company to the railroad commissioners shows that the purchase or taking and holding of three several parcels of land are " required and necessary for necessary tracks, side tracks and station for said company, but that the owners of said land do not consent thereto, and that the parties do not agree as to the necessity therefor or the area necessary to be taken." The names of all the owners are given in the petition and all of them appeared at the hearing on sufficient notice.

The petition avers all the necessary facts to give the railroad commissioners jurisdiction in the premises, and the only question to be decided is, whether they exceeded their authority in the decision they rendered. The material parts of it are these : "We, the undersigned, railroad commissioners, hereby certify," &c., "that so much of the premises mentioned in said application as is hereinafter definitely described, is necessary for the use of said Knox and Lincoln Railroad Company, for necessary tracks, side tracks, stations, and for the reasonable accommodation of the traffic and appropriate business of said corporation."

Statutes authorizing the taking of land as for public uses must be construed strictly. The statute here invoked, R. S., c. 51, § 16, authorized the commissioners to condemn "land for borrow and gravel pits, necessary tracks, side tracks, stations, wood sheds, repair shops, and car, engine and freight houses". . . . "necessary for the reasonable accommodation of the traffic and appropriate business of the corporation." The purposes for which the land may be taken are specifically named; and it can only be so taken when necessary for the reasonable accommodation of the traffic and appropriate business of the corporation.

Now the commissioners have not only condemned land necessary for "necessary tracks, side tracks, and stations," but also land "necessary for the reasonable accommodation of the traffic and appropriate business of said corporation," a purpose not within the authority of the statute. *Spofford* v. *Railroad*, 66 Maine, 26. If it be said that the last expressed purpose for which the land was taken, viz., "for the reasonable accommodation of the traffic," &c., is included in the three preceding expressed purposes, viz., for necessary tracks, side tracks, and stations, the inquiry comes in which of the three is it included? The land taken is a strip about a rod wide on each side of the railroad, south of the station grounds. It is not pretended that land was taken for a station; nor upon which to build tracks or side tracks, unless a part of the strip on the east side, necessary for a retaining wall to the road-bed, be necessary for the purpose; but, on the westerly side, it was taken for a way along side of the tracks, so as to make a passage from the toll-bridge to the freight station, a more convenient way than to follow around the remaining three sides of the square. In other words, the real purpose of taking this land, as appears from the record, was for a street or new approach to the freight house. It was not for strictly railroad uses; that is, to give room for their tracks or stations; but for a public use to be determined by another tribunal than the railroad commissioners, — a use incident and convenient for the traffic and business of the road, and perhaps necessary therefor; but that necessity must be adjudged elsewhere. The railroad commissioners realized the doubt of their authority; and their

certificate is drawn in accordance with truth, if not authorized by law.

The purpose for which a large part of the strip of land taken on the easterly side of the railroad was, not for tracks, side tracks or stations, but to give approaching trains a view of the station switch. If that is within the purpose of the statute, little is left of its provisions limiting the roadway to four rods. Simply obstructing the view of train men by buildings, around which railroads have been located, is no good cause for allowing railroads to acquire land to gain views of their roads. The statute is comprehensive enough to give railroads all necessary land for the construction of their roads and stations. It is not for the court to extend its provisions beyond their strict import.

The certificate of the commissioners in these cases should state the special purpose for which the land is needed. We do not mean to hold that all such certificates are invalid for omitting to do so, but that such method would more certainly secure the rights of the parties and remove the opportunity for doubtful construction of language.

*Spofford* v. *Railroad*, *supra*, settles the decision of this case.

*Writ to issue.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and FOSTER, JJ., concurred.